UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 0 8 2018

US Foods, Inc.,

        Plaintiff,

—v—

Hyde Parke Nursing Home, Inc.,

        Defendant.

17-CV-7043 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court grants the motion in part and awards damages but denies the request for attorneys' fees and costs.

I.    **BACKGROUND**

    On September 15, 2017, Plaintiff US Foods, Inc. filed a complaint against Defendant Hyde Park Nursing Home, Inc. alleging that Defendant owed Plaintiff $129,709.31 on past due invoices under an agreement between the two parties pursuant to which Plaintiff had supplied food and food-related products and services to Defendant. *See* Dkt. No. 1 ¶¶ 5-14. As part of that agreement, Defendant agreed to pay all charges set forth on each invoice and to pay all costs, expenses, and fees that Plaintiff might incur in enforcing or protecting its rights under the agreement. *See id.* ¶¶ 6-8.

    Defendant was served on September 28, 2017. Dkt. No. 8. Defendant did not appear or respond to the complaint, and on November 15, 2017, Plaintiff requested the entry of a default against Defendant. Dkt. No. 9. A certificate of default was filed the next day. Dkt. No. 11.

    On January 5, 2018, Plaintiff moved for default judgment as to Defendant. Dkt. No. 13.

1

## II. DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Default Judgment Is Warranted

Here, entry of a default judgment is warranted. Defendant has not entered a notice of appearance or responded to the complaint in any way. It failed to respond when Plaintiff sought default and now default judgment. Even with this history, the court is expected to exercise "sound judicial discretion" in determining whether a default judgment should be entered. CHARLES ALAN WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2685 (4th ed. 2017). The Court may consider factors such as: the amount of money at stake; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; whether the grounds for default are clearly in doubt; how harsh an effect default judgment might have; whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect; and plaintiff's actions throughout. *Id.* Having considered these factors, the Court concludes that default judgment is appropriate in these circumstances.

## B. Plaintiff Establishes a Prima Facie Case for Recovery

The Court must also evaluate damages. The first step is to look to the complaint to determine whether the plaintiff has established a *prima facie* case for recovery. *See Lenard v. Design Studio*, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012).

Plaintiff has provided a copy of the contract that it entered with Defendant. *See* Dkt. No. 1, Ex. A. Pursuant to that contract, Defendant agreed to pay all charges according to the payment terms established in each invoice. *Id.* ¶ 4. In addition, Defendant agreed to pay interest in the amount of 1.5% per month on any payment considered past due until collected and to pay all costs of collection incurred by Plaintiff, including reasonable attorneys' fees and expenses. *Id.* Plaintiff has also provided a summary of all unpaid invoices, totaling $129,709.31. *See* Dkt. No. 1, Ex. B.

Given this evidence, the Court finds that Plaintiff has established a *prima facie* case for recovery.

## C. Plaintiff Provides Sufficient Evidence of Damages

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks." *Bleecker v. Zetian Sys., Inc.*, No. 12 Civ. 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves

two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-CV-6620, 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court has] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

Here, Plaintiff seeks damages in the amount of $133,600.59, which includes the unpaid invoices (a total of $129,709.31) and simple interest at the contractual rate 1.5% per month[1] through November 2017. Dkt. No. 14 (Peterson Dec.) ¶¶ 3, 9. Plaintiff has provided a summary of the unpaid invoices, Dkt. No. 1, Ex. B, and a declaration of Plaintiff's Regional Local Counsel asserting that Defendant owes Plaintiff $129,709.31 plus interest amounting to $3,891.28 through November 2017 for a total of $133,600.59, Dkt. No. 15 (Brown-Edwards Dec.) ¶ 9. Accordingly, Plaintiff has provided sufficient evidence of the damages that Defendant owes.

Plaintiff also seeks attorneys' fees and costs in the amount of $8,855.25. Peterson Dec. ¶ 10. However, Plaintiff has not submitted any documentation to support the requested attorneys' fees and costs. The Court thus denies the request for attorneys' fees and costs. If

---

[1] Plaintiff describes the interest rate as 1.5% "per annum," *see* Peterson Dec. ¶ 9, but the Court understands the interest rate to be 1.5% per month: The contract states that the interest rate is 1.5% per month, Dkt. No. 1, Ex. A ¶ 4, and Plaintiff has calculated the amount of interest based on that monthly rate.

4

Plaintiff seeks to recover attorneys' fees and costs, it may submit supporting documentation within two weeks of the date of this Order.

## III. CONCLUSION

Plaintiff's motion for the entry of default judgment is granted in part. The Court awards $133,600.59 in damages, plus simple interest to accrue at the rate of 1.5% per month from November 2017 through the date of this Order. The Clerk of Court shall impose post-judgment interest. The Court denies the request for attorneys' fees and costs with leave to renew the request with supporting documentation within two weeks of the date of this Order. This resolves Docket Number 13.

SO ORDERED.

Dated: June 7, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge